IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael N. Gray, #306062,<br>a/k/a Michael Nathaniel Gray,<br>a/k/a Michael Nathaniel Ty'Sheem<br>Gray,<br><br>    Plaintiff,<br><br>vs.<br><br>Officer Jennifer Myers, Officer A.<br>Mattox, Major Dewayne Hingleton,<br>Associate Warden Joseph Canning,<br>III,<br><br>    Defendants. | Case No.: 4:25-cv-01288-JD-TER<br><br><br><br><br>ORDER AND OPINION |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 9), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns the Magistrate Judge's pre-service screening of Plaintiff Michael N. Gray, #306062, a/k/a Michael Nathaniel Gray, a/k/a Michael Nathaniel Ty'Sheem Gray's ("Plaintiff" or "Gray") Complaint under 28 U.S.C. § 1915.[1]

### A. Background

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and housed at McCormick Correctional Institution ("McCormick"), filed this *pro se* action under 42 U.S.C. § 1983, alleging a "Fourteenth Amendment Deprivation of Property" claim. (DE 1 at 4.) Plaintiff alleges that "[e]ach Defendant knew that by placing plaintiff in RHU his property should've been packed & inventoried per SCDC policy 22.03." (*Id.*) He seeks monetary damages for "Emotional & Mental distress along with depression." (*Id.* at 6.)

### B. Report and Recommendation

On March 20, 2025, the Magistrate Judge issued the Report recommending Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. (DE 9.) The Report found that Plaintiff's Complaint fails to state a claim upon which relief can be granted because "[d]eprivations of property by state employees are not actionable under § 1983 and do not offend due process when adequate post-deprivation state remedies are available." (*Id.* at 3.) Here, the Report notes Gray has an adequate remedy under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, et seq. (*Id.*) Plaintiff objected to the Report on April 7, 2025. (DE 11.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule,

2

explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff objects to the Report on two grounds by: (1) reiterating his allegation that Defendants violated the Fourteenth Amendment by destroying his personal property—including "criminal cases motions [and] civil suit motions which are still pending"—allegedly in response to his filing of a grievance or civil suit; and (2) asserting that Defendants intentionally destroyed his property in retaliation, which he characterizes as a "violation under color of state law." (DE 11 at 1–2.) However, neither objection addresses the dispositive issue identified in the Report: whether Plaintiff is precluded from asserting these claims under § 1983 because the South Carolina Tort Claims Act provides an adequate post-deprivation remedy. Accordingly, the Court finds that Plaintiff's objections fail to undermine the Report's legal conclusions and are therefore without merit.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 9) in its entirety and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina
June 16, 2025

Joseph Dawson, III
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.